■ PAVARINI McGOVERN, LLC, Plaintiff, v TAG COURT SQUARE, LLC, Respondent, and STRUCTURE-TONE, INC., Appellant. [878 NYS2d 419]—

In an action, inter alia, to recover damages for breach of contract, Structure-Tone, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered January 4, 2008, as denied that branch of its motion, made jointly with the plaintiff, which was to dismiss the counterclaim of Tag Court Square, LLC, alleging breach of contract insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was to dismiss the counterclaim of Tag Court Square, LLC, alleging breach of contract insofar as asserted against Structure-Tone, Inc., is granted.

When interpreting a commercial contract negotiated by and entered into at arm's length between sophisticated business people, represented by an attorney, a court must enforce the agreement according to its terms, and extrinsic and parole evidence is not admissible to create an ambiguity in a written agreement that is complete, clear, and unambiguous on its face (*see Madison Ave. Leasehold, LLC v Madison Bentley Assoc. LLC*, 8 NY3d 59 [2006]).

Here, the additional counterclaim defendant Structure-Tone,

Inc. (hereinafter STI), the plaintiff Pavarini McGovern, LLC (hereinafter PMG), and the defendant Tag Court Square, LLC (hereinafter Tag Court), entered into a construction management agreement pursuant to which STI guaranteed PMG's performance under the agreement "in the event that [PMG] ceases business operations either formally or informally." The parties subsequently entered into a completion agreement, which stated that "notwithstanding anything set forth [in the completion agreement] or which may occur at or in connection with the Project, the Parties agree that in no event shall STI have any greater liability than STI may have under the [construction management agreement]." This language clearly indicates that the intent of the parties was to keep that limit on STI's liability in place.

Accordingly, since it is undisputed that PMG did not cease business operations, either formally or informally, there can be no liability under the construction management agreement on the part of STI, and Tag Court's counterclaim alleging breach of contract should have been dismissed insofar as asserted against STI.

The contention of Tag Court that the clauses limiting the liability of STI are unenforceable as against public policy is improperly raised for the first time on appeal. Mastro, J.P., Dillon, Leventhal and Chambers, JJ., concur. [See 2007 NY Slip Op 34273(U).]